UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**IN ADMIRALTY**

---------------------------------------------------------------- x

MOTOR-SERVICES HUGO STAMP, INC.

                                   :        -CIV-

          Plaintiff,

                                   :        Judge _____

       v.                                  Magistrate Judge _____

                                   :

NAUTICAL MASTERS, INC.

                                   :

          Defendant.

---------------------------------------------------------------- x

**COMPLAINT**

         MOTOR-SERVICES HUGO STAMP, INC. ("Motor-Services"), by its attorneys Tomaselli & Co., for its complaint against NAUTICAL MASTERS, INC. ("NMI") alleges upon information and belief as follows:

1.         This is case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.         The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1333.

3.         At all times herein mentioned, Motor-Services was and now is a corporation duly organized and existing under the laws of the State of Florida, with a principal place of business at 3190 S.W. 4th Avenue, Fort Lauderdale, Florida 33315.

4.         At all times herein mentioned, NMI was and now is a corporation organized and existing under the laws of the State of Florida, with an office and principal place of business at

11334 Boggy Creek Road, Suite #123, Orlando, Florida, 32824.

5.      At all times herein mentioned, NMI was an entity engaged in maritime commerce and, specifically, the provision of parts and services to oceangoing vessel fleets.

6.      At all times hereinafter mentioned, NMI was engaged in providing parts and services to the *M/V LA PENA* ("Vessel"), a commercial vessel engaged in international maritime commerce upon, *inter alia,* the navigable waters of the United States.

7.      On or about August 2013, NMI entered into a contract (the "Contract") with MSHS for the purchase of parts and the provision of engineering services in Ecuador for, *inter alia*, the complete overhaul of the Mak 9mu main diesel propulsion engine of the Vessel.

8.      The Contract was subject to the standard MSHS terms and conditions, a copy of which appears as Exhibit 1 hereto.

9.      Pursuant to the Contract, MSHS delivered parts and provided a service engineer to travel to Ecuador and provide engineering services aboard *M/V LA PENA*.  MSHS' attendance was known to and ratified by the chief engineer and master of the Vessel.

10.     The total amount due from NMI to MSHS under the Contract as of August 2013 was USD 53,622.19, no part of which has been paid although duly demanded.

11.     Pursuant to the terms of the Contract, any dispute arising out of the Contract is subject to federal maritime law or, if no federal maritime law exists on a particular issue, to the Laws of the State of Florida.  In addition, pursuant to the Contract, any dispute arising out of the Contract is to be resolved by filing suit in a court of competent jurisdiction in Broward County, Florida, to the exclusion of any other forum.

12.     The Contract constitutes a maritime contract.

13.     The terms and conditions of the Contract were provided to NMI prior to the

execution of the Contract.

14.         All conditions precedent to NMI's obligation to make full and final payment were satisfied by MSHS.

15.         MSHS issued its invoice on or about 03 October 2013.  The total amount due was USD 60, 521.11 but, at NMI's request and as a matter of customer service to a previously good customer, MSHS discounted the account approximately 10% to USD 53,622.19.

16.         The terms and conditions of the Contract provide that MSHS shall recover interest at 1.5% per month on any unpaid accounts, and shall be entitled to  reasonable attorneys fees and costs.

17.         The provision of the engine packages to the Vessel, which was engaged in maritime commerce on the navigable waters of the United States, constituted the provision of necessaries and gave rise to a maritime lien against the Vessel and in favor of MSHS.

18.         In entering into the Contract, MSHS relied on the credit of the Vessel as well as the credit of NMI for payment.


**FIRST CAUSE OF ACTION AGAINST CSF**

**BREACH OF CONTRACT**


19.         Motor-Services repeats and realleges the allegations contained in paragraphs 1 through 18 as if restated in full herein.

20.         NMI's failure to make payment of USD 53,622.19 constituted a breach of the Contract.

21.         MSHS has demanded payment from NMI, and NMI has failed and refused to

make payment.

22.        The MSHS terms and conditions applicable to and part of this Contract provide

for interest at 1.5% per month for each payment not received within 30 days of the date due.  As

a result, interest on the unpaid USD 53,622.19 has accrued from 03 November 2013 through the

present, and continues to accrue, at the rate of USD 26.44 per day, or approximately USD

1,057.60 to the date of this pleading.

23.        The MSHS terms and conditions applicable to this Contracts provides for

recovery of all reasonable attorneys fees and costs if the matter is placed into the hands of

attorneys for collection.  MSHS has incurred costs and fees for attorneys to date and will

continue to do so until the matter is resolved, the total sum of which is not yet known but is

demanded.

24.        As a direct and proximate result of NMI's breach of the Contract, MSHS has (and

will) made advances and has (and will) sustained damages in the amount of USD 53,622.19,

exclusive of interest, costs and attorneys fees, plus further amounts as yet to be determined for

the costs of assistance provided, work performed on the engines and other support and parts

provided.

25.        Although not demanded here, MSHS reserves all rights to add the Vessel as an *in

rem* defendant, arrest the Vessel and foreclose its maritime lien against the Vessel should the

Vessel enter into the jurisdiction of this Honorable Court.


        WHEREFORE, Plaintiff Motor-Services Hugo Stamp, Inc. prays:


        1.        Process in due form of law according to the rules and practice of this Honorable

Court in causes of admiralty and maritime jurisdiction issue against defendant

NMI, and

2.      Plaintiff Motor-Services have judgment against defendant NMI for the damages

resulting from NMI's breach of maritime contract as stated above, together with

pre- and post-judgment interest thereon, costs and attorneys' fees; and

4.      Such other, further and different relief as may be just and proper under the

premises.

Dated: Fort Lauderdale, Florida
       August 13, 2014

                    TOMASELLI & CO.

By:     /s/ John J. Tomaselli
        John J. Tomaselli (Fla. Bar No.:  872570)
        1500 Cordova Road - Suite 202
        Fort Lauderdale, Florida 33316-2190
        Tel:    (954) 761-8004
        Fax:    (954) 525-6626
        e mail: tcolaw@att.net
        Attorneys for Plaintiff Motor-Services Hugo Stamp,
        Inc.

EXHIBIT 1

MOTOR-SERVICES HUGO STAMP, INC. STANDARD TERMS AND CONDITIONS

TERMS AND CONDITIONS

These terms and condition represent the final and complete agreement of the parties, and no modification shall be binding upon Motor-Services Hugo Stamp, Inc. ("MSHS") unless made in writing and signed and approved by an officer of MSHS.  No modification of these terms shall be deemed made or accepted by MSHS shipping goods or performing services following receipt of a purchase order or other documents containing terms and conditions additional to or in conflict with the terms and conditions herein.  MSHS does not agree to the accident, indemnity, and insurance provisions, if any, contained in the buyer's or customer's invitation or specifications, and in such cases MSHS accepts only such liability as is imposed upon MSHS by law and as limited by this contract.  Receipt of goods or services by the buyer or customer shall be deemed conclusive proof of irrevocable acceptance of these terms and of the conformity of the goods or services provided; similarly these terms and conditions shall be deemed irrevocably accepted upon commencement of work by MSHS at MSHS' facility or at any other location.

GENERAL: MSHS' contracts for furnishing repairs, parts and services are solely on the basis of the insured limited liabilities and specific warranties set forth below.  MSHS shall not be liable for any injury or death resulting from its provision of repairs, parts or services, and the purchaser or customer agrees to indemnify, defend and hold MSHS harmless for any such claims brought against MSHS by or on behalf of any person other than a MSHS employee.  When MSHS provides parts, repairs or services to any vessel, MSHS shall not be liable, directly or indirectly, in contract, tort or otherwise, to the vessel's owners, charterers, underwriters, lienholders or other party in interest for any damages to such vessel or to its appurtenances, cargo, equipment or moveable stores, or for any consequence thereof, unless such damage is caused solely by MSHS' gross negligence or intentional tort, and in no event shall MSHS' aggregate liability under this contract (with the exception of the specific warranty as set forth in "WARRANTY" below) exceed the sum of $50,000.00 or the value of the vessel, whichever figure is the lesser.  In no event shall MSHS be liable for any consequential or special damages including but without limitation, for faulty or negligent design or manufacture, delay, loss of revenue, detention, wharfage, demurrage, tug expense, pilotage, crew wages, salvage or loss of use.  For all sales or services provided, whether vessel related or non-vessel related, MSHS shall not be liable for incidental, special or consequential damages or losses arising directly or indirectly from the purchase and sale of goods or provision of services, or for any other cause, and MSHS' sole liability shall be as set forth under "warranty" below.  The buyer or customer agrees to indemnify, defend and hold MSHS harmless with respect to all liabilities to all parties in interest exceeding the amounts herein stated.

FORCE MAJEURE: MSHS shall not be liable in any event for any loss, damage or delay caused by strikes, labor difficulties, accidents, delays in delivery of materials, acts of God, war, restraint of princes, including, but not limited to, restraint by local, state or federal authorities, or causes or any kind beyond MSHS' control, including, but not limited to, tropical storms, hurricanes, lightning or rain.

WARRANTY:  MSHS warrants that its parts and services are provided in accordance with industry standards and parts supplied are free from defects in material and workmanship.  Buyer or customer agree that the sole remedy for breach of any warranty, express or implied shall be limited, at MSHS sole discretion, to the replacement of  parts, repair of parts, return or crediting of purchase price, or referral of the claim to the original manufacturer for manufacturer's warranty review.  MSHS makes no warranty and specifically disclaims all liability for design of any items supplied.  The foregoing warranty is non assignable and is in lieu of and specifically excludes all other warranties not actually set forth herein, whether express or implied by operation of law or otherwise including but not limited to any implied warranties of merchantability or fitness or those implied by the common law of bailor and bailee.  No agent or employee of MSHS has authority to bind MSHS to any other or expanded warranty, and any representation to that effect shall not be deemed to become a part of this contract and shall be unenforceable.  The specific warranty provided by this section shall be deemed expired and all right of the buyer or customer irrevocably waived unless the claimed defect is submitted to MSHS in writing within sixty days of receipt of the relevant part or service (for the redelivery of the vessel, whichever occurs first).  This period shall govern whether the alleged defect is latent or patent and shall not be deemed to be tolled or to arise at any future time as a result of the discovery of a latent defect.  Remedies for latent defects not discovered and submitted to MSHS within the 60 day period shall be exclusively those available from the manufacturer, if any.  All warranties are contingent upon, and do not arise until, full payment is received by MSHS, and the provision of repairs or replacement of parts by MSHS shall not be deemed a waiver of this provision.

FORUM AND CHOICE OF LAW:  This contract shall be deemed to have been executed and fully performed within in the State of Florida, and shall be interpreted and construed in accordance with and subject to the federal maritime law of the United States (excluding its conflict of law rules) or, should no such law exist on any particular issue, the laws of the State of Florida, to the exclusion of the laws of any other state or country.  The prevailing party in any legal action shall be awarded reasonable attorneys fees and costs.  Moreover: (1) for U.S. buyers or customers: any dispute arising under, in connection with or incident to this contract shall be litigated before either a federal court of competent jurisdiction located in the Southern District of Florida, or a state court of competent jurisdiction located in the State of Florida, County of Broward, to the exclusion of the courts of any other state or country, and buyer or customer hereby irrevocably consent to the jurisdiction of such court; (2) for non-U.S. buyers and customers: any dispute arising under, in connection with or incident to this contract shall be referred to three persons at New York, New York, one to be appointed by each of the parties hereto, and the third by the two so chosen; their decision or that of any two of them shall be final and, for the purpose of enforcing any award, this contract may be made a rule of the court.  Should a party fail to appoint an arbitrator within ten days of notice of demand for arbitration, the demanding party may appoint the second arbitrator with the same force and effect as if appointment by the second party.  Should the two arbitrators be unable to agree on the appointment of a third arbitrator within 14 days after appointment of the second arbitrator, the President of the Society of Maritime Arbitrators, Inc. shall make the appointment upon the request of either party without further notice.  The proceedings shall be conducted in accordance with the Rules of the Society of Maritime Arbitrators, Inc., including Section 2 "Consolidation".  The arbitrators shall be commercial men and not practicing attorneys.  The arbitrators shall consider this Agreement an honorable engagement rather than merely a legal obligation; they are relieved from all judicial formalities and may abstain from following the strict rules of law.  The arbitrators shall award reasonable attorneys fees and costs to the prevailing party.  The parties irrevocably stipulate to the jurisdiction of the United States District Court for the Southern District of New York for purposes of compelling arbitration or confirming an arbitration award.  This stipulation shall not be deemed consent to the jurisdiction of the courts of New York for any other purpose or evidence of any presence within New York.  With regard to petitions to compel arbitration or to confirm an arbitration award, the parties consent to service of process by certified mail, certified international mail, fax, e mail, Federal Express or DHL courier service to the parties at any of the addresses or other contact information set forth in the MSHS purchase order, quotation, or elsewhere in this contract, and irrevocably waive and right to personal service of these documents.

PAYMENT AND PRICE: Prices quoted and product availability stated are valid for ten days only unless designated as firm for a specific other period in writing by an officer of MSHS.  Payment in all cases is net upon receipt of invoice, 1.5% per month to be added to the invoice amount if full payment is not received by MSHS within thirty days of presentation of the invoice.  All returns (other than for defective goods under the WARRANTY section hereof) shall be subject to a 25% restocking fee, consent to payment of which is hereby given by customer or buyer, and no returns will be accepted for special order goods, goods supplied pursuant to an incorrect part number provided by the customer, or goods with damaged packing or labels.  All returns must be accompanied by a returned goods authorization number provided by MSHS.  MSHS may place any account not paid within thirty days into the hands of attorneys for collection and the buyer or customer agrees to pay the reasonable fees and costs of the attorneys, without regard to whether suit is filed or arbitration commenced.  All payments must be made in Florida at 3190 SW 4th Avenue, Fort Lauderdale, Florida 33315 or by wire as set forth below.  It is agreed that wires are to be deemed payments made in Florida.  For payment for work done on or materials furnished to any vessel, whether authorized orally, or by letter, or written contract, and whether MSHS is the general contractor or a subcontractor, MSHS looks to both vessel and owner.

Wire Transfer: City National Bank of Florida
Fort Lauderdale, FL 33301
Account:  2003276792    ABA: 066004367

VESSEL WARRANTIES: The vessel, its owners, charterers, underwriters, lienholders, and all parties in interest, shall indemnify and hold MSHS harmless from all liability arising under any state or federal air or water quality statute or regulation unless the liability shall arise solely from the gross negligence or intentional tort of MSHS' own employees. Owners, or other parties in interest, warrant that a valid and current U.S. Coast Guard Certificate of Financial Responsibility (Water Pollution) (Form CG-5358-10) shall be kept in force at all times while MSHS is furnishing repairs, parts or services.

BUYER AND CUSTOMER'S RIGHT TO PURCHASE FURTHER WARRANTIES: Different or more extensive liabilities will be accepted if an agreement in writing stating the nature and extent thereof is entered into before work is commenced by MSHS, and if the price is adjusted to include the cost of appropriate additional insurance.  The terms contained in this contract or as set forth by an addendum thereto shall in no way be interpreted to hold MSHS as an insurer.

MISCELLANEOUS: Nothing herein shall be deemed to constitute a waiver of MSHS' maritime lien. Invalidity of any one or more provisions of this contract shall not affect nor impair the remaining provisions. This contract may not be changed orally.

Motor-Services Hugo Stamp, Inc. is an Equal Employment Opportunity/Affirmative Action Employer.

PLEASE NOTE THAT OUR CURRENT TERMS & CONDITIONS APPLY TO ALL SERVICES AND SUPPLIES RENDERED

07/12